# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| GERALD A. BRADFORD, | : | |
| Plaintiff, | : | |
| vs. | : | CA 13-0636-WS-C |
| POPEYE'S RESTAURANT, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

Gerald A. Bradford filed an accommodation discrimination complaint in this Court on December 23, 2013 (Docs. 1-2), along with a motion to proceed without prepayment of fees and costs (Doc. 3). This action now has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon plaintiff's failure to prosecute this action and comply with the Court's order dated December 30, 2013 (Doc. 4).

By order dated December 30, 2013, the undersigned set down for a hearing plaintiff's motion to proceed without prepayment of fees and costs. (Doc. 4.)[1] This order was sent to Mr. Bradford by certified at the address provided to this Court (*compare id*. *with* Doc. 3, at 4) and was successfully delivered to that address (*see* Doc. 5 (recipient "S.

---

[1] "In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F.Supp. 1071, 1072 (E.D. Wis. 1997), citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i). Thus, it was the undersigned's intent during the January 14, 2014 hearing to determine whether Mr. Bradford could state a claim against Popeye's Restaurant.

Faye" signed for the order)). In the order dated December 30, 2013, plaintiff was informed that his "failure to appear for the hearing [on January 14, 2014] could lead to dismissal of his lawsuit." (Doc. 4.) Plaintiff failed to appear for the hearing on January 14, 2014. (*See* Docket Sheet.)

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, plaintiff did not appear for the hearing set before the undersigned on January 14, 2014, though informed that his failure to appear could result in the dismissal of his lawsuit. (*Compare* Docket Sheet *with* Doc. 4.) Therefore, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** Gerald A. Bradford's complaint pursuant to Fed.R.Civ.P. 41(b) due to his failure to prosecute this action by obeying this Court's lawful order. Plaintiff's action is due to be dismissed because he has failed to qualify for *in forma pauperis* status[2] or pay the filing fee.

---

[2] Plaintiff's complaint is frivolous on its face. 42 U.S.C. § 2000a(a) provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." "To establish a claim under § 2000a, a plaintiff must demonstrate that he (1) is a member of a protected class, (2) attempted to contract for services and afford himself . . . of the full benefits and enjoyment of a public accommodation, (3) was denied the full benefits or enjoyment of a public accommodation, and (4) such services were available to similarly situated persons outside his or her protected class who received full benefits or were treated better." *Jackson v. Waffle House, Inc.*, 413 F.Supp.2d 1338, 1361 (N.D. Ga. 2006). Here, plaintiff has made no showing that his homelessness or poverty is a protected class under § 2000a, *cf. Graham v. Cobbs* (Continued)

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 16th day of January, 2014.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

---

*Country Restaurant & Lounge*, 4 Fed.Appx. 453, 2001 WL 177041, *1 (9th Cir. Feb. 21, 2001) ("Because the Grahams failed to raise a genuine issue of material fact as to whether they were discriminated against based on a protected status, the district court properly granted summary judgment."), and, further, even if a protected class, plaintiff's complaint contains no allegations that similarly-situated persons outside his protected class were allowed to purchase a two-piece meal and large tea for $2.20 after completing a survey on the back of a previous receipt using the same survey numbers as utilized by plaintiff. Bradford's inability to set forth allegations establishing the first and fourth elements of a prima facie case of discrimination under § 2000a(a) demonstrates that his complaint is frivolous.

    It is also noted that a plaintiff is entitled to injunctive relief only under § 2000a and "[t]o claim injunctive relief, a plaintiff must show a real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *Lester v. "B"ing the Best, Inc.*, 2010 WL 4942835, *6 (S.D. Fla. Nov. 30, 2010) (internal quotation marks omitted; citations omitted). Plaintiff's complaint contains no allegation that he is subject to an immediate threat of irreparable harm and, therefore, his complaint is frivolous for this additional reason.